### URIAH T. PEARSON *vs.* JAMES S. CANNEY.

*Distress warrant for taxes—when issuable.*

A town treasurer is authorized to issue a warrant of distress only against a collector of taxes who is delinquent in collecting and paying over taxes legally committed to him for collection.

A legal commitment requires a warrant in due form of law and a list of taxes under the hands of the assessors.

ON REPORT.

TRESPASS *de bonis* for taking and carrying away a quantity of

Pearson *v.* Canney.

cedar and other shingle timber. The defendant pleaded the general issue and a brief statement that the plaintiff was tax-collector of Orneville for 1869, and gave bond for that year and also for the collection of the uncollected balance of the taxes of 1868, but failed to collect and pay these taxes to the defendant, who was treasurer of the town, and the defendant thereupon issued his warrant of distress to the proper officer, upon which the property mentioned in the writ was taken and sold; and this was the trespass complained of.

Among other objections to the sufficiency of the proceedings, the defendant suggested that the warrant issued to him was not such as to enable him to collect the taxes, because it directed him to seize only such property as was not exempt from attachment, as appears by the report of the case of *Orneville* v. *Pearson*, 61 Maine, 552; and also that the list of taxes committed to him was not under the hands of the assessors.

The cause was submitted to the court *in banc* to enter such judgment, and for such damages as the law and facts might seem to require.

*Lebroke & Pratt* for the plaintiff, argued that Mr. Canney issued the distress warrant for too large a sum ; and cited cases to show that this rendered it void; that no such commitment as it alleged was ever made; and that the warrant given Mr. Pearson was not such that he could enforce payment of taxes under it.

*C. A. Everett* and *W. P. Young* for the defendant.

The distress warrant was good as to such sums as Pearson had actually received as collector, *Trescott* v. *Moan*, 50 Maine, 347; *Johnson* v. *Goodridge*, 15 Maine, 29.

DANFORTH, J. This is an action of trespass for certain lumber alleged to have been taken from the plaintiff by the direction of the defendant. The taking is admitted, but attempted to be justified on the ground that the only direction given, was by virtue of a warrant of distress issued by the defendant as treasurer of the town of Orneville, against the plaintiff as collector of taxes for

the same town, for neglect in collecting and paying over taxes assessed in 1868.

Several objections are made to the form and substance of the warrant, of the validity of 'which we are unable to judge as no copy is found among the papers furnished us. But assuming it to be sufficient to answer the requirements of the law, it cannot avail as a defence to this action, as it was illegally issued. By the law under which the tax in question was assessed,—R. S., of 1857, c. 6, § 113, re-enacted in the revision of 1871, same chapter § 130,—before a warrant can be issued against a collector, he must have been delinquent in respect to taxes committed to him for collection. This commitment must have been such as the law requires; such as would authorize the collector to compel payment; for without authority, there can be no corresponding duty, and consequently no neglect. *Tremont* v. *Clark*, 33 Maine, 482; *Waldron* v. *Lee*, 5 Pick., 328–9.

To give the collector this required authority, he must have a legal warrant and a "perfect list" of the taxes under the hands of the assessors as required by R. S., c. 6, § 70, being § 56 of that chapter in R. S. of 1857. In this case neither of these conditions seems to have been complied with. The warrant is the same as that held to be defective in *Orneville* v. *Pearson*, 61 Maine, 552, and the list of taxes committed to the collector, the original of which is in the case, does not appear to have been authenticated by the signatures of the assessors, or any of them. *Foxcroft* v. *Nevens*, 4 Maine, 72; *Lowe* v. *Weld*, 52 Maine, 588.

It is, however, contended that the collector is liable for whatever amount of money has been voluntarily paid to him. This is unquestionably true, but this liability can only be enforced in the proper form of action. The statute nowhere constitutes the treasurer, a tribunal to hear evidence and determine the amount which may have been paid to the collector. The tax committed is the only basis for fixing the amount due, and if none has been committed, it is clear there can be no foundation upon which the warrant can rest. As no such foundation appears in this case the

warrant was unauthorized, and though it may be a sufficient protection to the officer serving it, it is none to the treasurer.

The only other question is that of damages. It appears that the lumber sued for was sold at public auction for one hundred and fifty-one dollars. There is no tesitmony tending to show that this sale was not entirely fair and after proper notice given. The sum paid for it at such a sale is *prima facie* proof of its value, and we find no testimony in this case sufficient to overcome it. *Judgment for the plaintiff for one hundred and fifty-one dollars and interest from the time the lumber was taken as shown by the officer's return upon the warrant.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS and PETERS, JJ., concurred.